UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FERRARI FINANCIAL SERVICES, INC.,** *Plaintiff* § § § § | |
| v. § | No. 1:24-CV-1009-RP |
| **TAYLOR MILLS and TAYLOR MILLS HOLDINGS MT, LLC,** *Defendants* § § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Ferrari Financial Services, Inc.'s ("Ferrari") Motion for Default Judgment, Dkt. 13. After reviewing Ferrari's motion and the relevant case law, the undersigned recommends that the motion be granted in part and denied in part.

## I.   BACKGROUND

Ferrari brought this lawsuit against Defendants Taylor Mills and Taylor Mills Holdings MT, LLC (together, "Mills") after Mills failed to make car payments pursuant to a retail installment sales contract between the parties. Dkt. 1, at 2. Under the contract, Mills agreed to make 84 monthly payments in the amount of $9,980.83 for the purchase of a 2023 Ferrari SF90 Stradale. Dkts. 1, at 2; 1-2, at 2. Mills further agreed to provide Ferrari with a security interest in the vehicle, pay repossession, storage, and preparatory expenses in the event the vehicle was

1

repossessed and sold due to Mills' default, as well as pay Ferrari's attorney's fees and costs associated with enforcing the contract. Dkts. 1, at 2; 1-2, at 4-5. After Mills defaulted on the contract by failing to make payments, Ferrari sent him a letter demanding return of the vehicle and payment of his balance. Dkts. 1, at 2-3; 1-3, at 2. Mills did not respond to Ferrari's demand or otherwise seek to rectify the default. Dkt. 1, at 3.

Based on these facts, Ferrari brought claims against Mills for breach of contract and for a writ of sequestration. *Id.* at 3-5. When Mills failed to respond to Ferrari's complaint or otherwise appear in this lawsuit, Ferrari moved for entry of default, which the Clerk entered. Dkts. 10; 11. Ferrari now moves for default judgment against Mills, seeking damages in the amount due and unpaid under the contract, attorney's fees and costs, as well as prejudgment and post-judgment interest and a writ of sequestration for the vehicle. Dkt. 13-1, at 7.

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather,

a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Ferrari's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Ferrari's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Ferrari should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### III. DISCUSSION

#### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Mills. Because Mills has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-

pleaded allegations of fact."). Mills's failure to appear and respond has ground the adversary process to a halt, prejudicing Ferrari's interest in pursuing its claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Mills was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 10; 11; 13. There is no indication that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.[1]

### B.   Sufficiency of Ferrari's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Ferrari's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*,

---

[1] Ferrari also established that Mr. Mills is not in military service. Dkts. 13-1, at 4; 13-2, at 24; 50 U.S.C. § 3931.

4

550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Ferrari brings claims for breach of contract and for a writ of sequestration.[2] Dkt. 1, at 3-5. Under Texas law, the elements for a breach of contract are: (1) the existence of a valid contract; (2) plaintiff's performance as contractually required; (3) defendant's breach of the contract by failing to perform as contractually required; and (4) damages sustained to the plaintiff due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Ferrari has sufficiently alleged each of these elements. First, Ferrari alleged that the parties entered a retail installment sales contract whereby Mills purchased a vehicle and agreed to make monthly installment payments in the amount of $9,980.83. Dkts. 1, at 2; 1-2. Second, Ferrari alleged that it complied with all "conditions precedent" to recovery under a breach-of-contract theory—indicating that it has performed its duties under the agreement. Dkt. 1, at 3. Third, Ferrari alleged that Mills breached the agreement by failing to make his monthly installment payments. *Id.* at 2-3. Finally, Ferrari alleged that it sustained damages due to Mills' failure to comply with the contract. *Id.* at 3-4.

Ferrari's factual allegations and the record before the undersigned are enough to raise Ferrari's right to relief above a speculative level as to its claim against Mills.

---

[2] Although pleaded as a claim, a writ of sequestration is a remedy available to Ferrari under state law. Fed. R. Civ. P. 64(b); Tex. Civ. Prac. & Rem. Code § 62.001(1). As such, the undersigned will assess Ferrari's request for a writ of sequestration when evaluating the remedies available to it.

5

*Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted as to an entry of judgment on Ferrari's cause of action for breach of contract.

### C.   Relief

#### 1.   *Damages*

Ferrari requests damages in the amount of $569,114.87, reflecting the payments Mills has failed to make under the sales contract. Dkts. 1, at 4; 1-2, at 3; 1-3, at 2; 13-1, at 7. Texas law governs the award of damages on Ferrari's breach-of-contract claim. *See, e.g.*, *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 278 (5th Cir. 2009) (applying Texas law to the issue of what damages were owed in a breach-of-contract case after the parties agreed that Texas law controlled the substantive claims). Under Texas law, "the 'normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure.'" *Elsas v. Yakkassippi, L.L.C.*, 746 F. App'x 344, 348 (5th Cir. 2018) (quoting *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). In other words, "'[a] nonbreaching party is generally entitled to all actual damages necessary to put it in the same economic position in which it would have been had the contract not been breached.'" *CQ*, 565 F.3d at 278 (quoting *Abraxas Petrol. Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.)).

Ferrari presented evidence that it suffered a loss of $569,114.87 due to Mills's breach of the sales agreement. Dkts. 1-2, at 3; 1-3, at 2. An award of damages in that amount would thus put Ferrari back in the same position it would have been in absent

Mills's breach of the agreement. *See CQ*, 565 F.3d at 278. The undersigned recommends that the District Judge grant Ferrari's requested damages of $569,114.87.

    2.    *Writ of Sequestration*

Ferrari asks this Court to issue a writ of sequestration for the vehicle on which Mills has failed to make payments. Dkts. 1, at 3-4; 13-1, at 7. The Texas Civil Practice and Remedies Code allows for writs of sequestration to be granted on personal property when "a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit...." Tex. Civ. Prac. & Rem. Code § 62.001(1). The application for writ of sequestration must be made under oath and must set forth "(1) the specific facts stating the nature of the plaintiff's claim; (2) the amount in controversy, if any; and (3) the facts justifying issuance of the writ." Tex. Civ. Prac. & Rem. Code § 62.022. Here, Ferrari failed to proffer any facts or argument from which this Court could reasonably infer an "immediate danger" that Mills will "conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county" during the pendency of this case, as required under section 62.001(1). *See* Dkts. 1; 13-1; Tex. Civ. Prac. & Rem. Code § 62.001(1); *Insight Invs., LLC v. Icon Constr., Inc.*, No. 418CV00531ALMKPJ, 2020 WL 5172472, at *4 (E.D. Tex. Aug. 12, 2020) (recommending denial of application for writ of sequestration where "Plaintiff has not demonstrated an imminent danger to the [property] as required under Section

62.001"), *report and recommendation adopted*, No. 418CV00531ALMKPJ, 2020 WL 5106824 (E.D. Tex. Aug. 28, 2020). The undersigned thus recommends that the District Judge deny without prejudice Ferrari's request for a writ of sequestration.

    3.    *Attorney's Fees*

Ferrari requests attorney's fees for performing legal services in this matter. Dkt. 13-1, at 7. Texas law provides that a prevailing party[3] "may recover reasonable attorney's fees … in addition to the amount of a valid claim and costs, if the claim is for … (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. While Ferrari appears to be entitled to attorney's fees and costs under the sales agreement, Ferrari has not provided sufficient information for the Court to rule on its request for such fees and costs. For example, Ferrari did not request any specific amount of attorney's fees and costs, nor did it provide an affidavit from its counsel testifying to the reasonableness and necessity of the requested attorney's fees. *See* Fed. R. Civ. P. 54(d); *see also Aguacates Seleccionados JBR USA, LLC v. Bucks Fresh Produce, LLC*, No. 7:19-CV-338, 2020 WL 2193501, at *13 (S.D. Tex. May 6, 2020) ("There is no affidavit from an attorney employed by Rynn and Janowsky and there are no documents from the firm evidencing the hours billed. As such, the Court does not have adequate information by which it can determine

---

[3] "A plaintiff in a contract breach case must recover damages or obtain some other affirmative relief in order to be considered a 'prevailing party' for purposes of an attorney's fee award." *Versata Software, Inc. v. Internet Brands, Inc.*, 902 F. Supp. 2d 841, 865 (E.D. Tex. 2012) (listing cases). If the District Judge awards damages as the undersigned recommends, Ferrari will be a prevailing party for the purpose of awarding attorney's fees.

whether the attorney's fees requested for the work performed by Rynn and Janowsky are reasonable."), *on reconsideration*, No. 7:19-CV-338, 2020 WL 4883898 (S.D. Tex. Aug. 20, 2020). The undersigned thus recommends that the District Judge deny without prejudice Ferrari's request for attorney's fees and costs.

    4.    *Interest*

Ferrari also requests prejudgment and post-judgment interest. Dkts. 1, at 5; 13-1, at 4. Texas law governs the award of prejudgment interest in diversity cases. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). While no statute governs the award of prejudgment interest for breach-of-contract cases, equitable prejudgment interest is available "as a matter of course." *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that statutory prejudgment interest applies only in cases of wrongful death, personal injury, property damage, and condemnation); *see also* Tex. Fin. Code §§ 304.102, 304.201. District courts may only exercise their discretion to forgo an award of prejudgment interest when there are "exceptional circumstances." *Id.* There are no exceptional circumstances that counsel against awarding prejudgment interest here. Thus, the undersigned recommends that Ferrari be awarded prejudgment interest at the prime rate established by the Federal Reserve from the date Ferrari initiated this action until the day preceding the date the District Judge enters final judgment.[4]

---

[4] *See Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) ("Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest."); Tex. Fin. Code § 304.003(c)(2) (providing that the post-judgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"); *id.* § 304.104 (except as otherwise provided by statutes

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Ferrari should receive post-judgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Ferrari's Motion for Default Judgment, Dkt. 13. Specifically, the undersigned recommends that the District Judge enter default judgment against Mills and grant Ferrari its requested monetary damages including prejudgment and post-judgment interest. The undersigned further recommends that the District Judge deny without prejudice Ferrari's request for a writ of sequestration and for attorney's fees and costs.

The referral of this case to the Magistrate Judge should now be **CANCELED.**

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to

---

inapplicable here, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound").

which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 4, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE